**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY FIRST CREDIT UNION, | No. C 10-3743 SI |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF JURISDICTION** |
| v. | |
| J.L. CHANDLER, | |
| Defendant. | |

On August 23, 2010, *pro se* defendant J.L. Chandler removed this unlawful detainer action from state court. The notice of removal states that jurisdiction is based on both diversity of citizenship and federal question jurisdiction.[1]

From the face of the complaint, there is no federal question jurisdiction. Defendant's Notice of Removal states that defendant attempted to file a cross-complaint in state court seeking to quiet title, and that the clerk of the state court "refused to allow Defendant to file the responsive pleading in violation of Defendant's 1st and 5th Amendment Constitutional rights." Notice of Removal at 2. The Notice of Removal also asserts that plaintiff has violated the Fair Debt Collection Practices Act. However, where a party asserts federal question jurisdiction, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v.*

---

[1] Plaintiff has filed a motion to remand, as well as a motion to expedite the hearing on the motion to remand. Pursuant to Civil Local Rule 7-1(b), the Court finds it unnecessary to hold a hearing on plaintiff's motion, and instead the Court will resolve the jurisdictional question through this Order to Show Cause.

*Williams*, 482 U.S. 386, 392 (1987)) (internal quotation marks omitted). In other words, "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.*

Where there is no federal question jurisdiction, an action is not removable if the defendant is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Here, defendant is a California resident. *See* Notice of Removal Ex. A (proposed state court cross-complaint stating that defendant is a resident of Sonoma County, California).

Accordingly, defendant is ORDERED TO SHOW CAUSE in writing no later than **2:00 pm** on **October 14, 2010** why this case should not be remanded to the Superior Court for the County of Sonoma. If defendant asserts that removal was proper and this Court has jurisdiction, defendant must specifically identify the basis for jurisdiction.

**IT IS SO ORDERED.**

Dated: October 7, 2010

SUSAN ILLSTON
United States District Judge